UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO:

MICHALINA WILSON,
WILLIAM WILSON, JR.,
ARIEL PERRY, and all others
similarly situated under
*29 U.S.C. § 216(b)*,

    Plaintiff,

v.

ALL SEASON RESTORATION INC.
d/b/a SERVEPRO OF MIDTOWN
MANHATTAN, and ROBERT
CITRANGOLA, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiffs, MICHALINA WILSON ("M. WILSON"), WILLIAM WILSON, JR. ("W. WILSON"), ARIEL PERRY ("PERRY"), and all others similarly situated (collectively referred to hereinafter as "Plaintiffs"), pursuant to *29 U.S.C. § 216(b)*, file the following Complaint against Defendants, ALL SEASON RESTORATION INC. d/b/a SERVEPRO OF MIDTOWN MANHATTAN ("ASR"), and ROBERT CITRANGOLA ("CITRANGOLA"), individually, (collectively referred to hereinafter as "Defendants"), and states as follows:

# INTRODUCTION

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to seek redress of Defendants' FLSA violations committed during the time periods in which these Plaintiffs were employed.

# PARTIES

2. Plaintiff, M. WILSON, is a resident of Gilchrist County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. Plaintiff, W. WILSON, is a resident of Gilchrist County, Florida, over the age of 18 years, and otherwise *sui juris*.

4. Plaintiff, A. PERRY, is a resident of Gilchrist County, Florida, over the age of 18 years, and otherwise *sui juris*.

5. Defendant, ASR, is a New York for-profit corporation headquartered at 501 Middle Country Road, in Coram, New York 11727.

6. Defendant, CITRANGOLA, is the Chief Executive Officer of ASR and on information and belief, resides in Coram, New York.

7. Plaintiffs worked for Defendants at various locations throughout the United States, including Wilmington, North Carolina.

8. Defendant, ASR, owns and operates a Servepro franchise out of New York, New York at 260 Madison Avenue, 8th Floor, New York, New York.

9. Defendants, ASR and CITRANGOLA, regularly advertise, solicit, recruit, and hire ASR employees from the Northern District of Florida, including all Plaintiffs in this case.

10. During all times material hereto, Defendant, CITRANGOLA, was over the age of 18 years, a corporate officer of Defendant, ASR, and was vested with the authority to hire, fire, and discipline, any and all ASR employees, including Plaintiffs.

11. Furthermore, Defendant, CITRANGOLA, during all time periods alleged herein, was vested with the authority to approve the payroll practices for Defendant, ASR, including Plaintiffs' rate of pay. Upon information and belief, Defendant, CITRANGOLA also maintained and exercised day-to-day decision-making decision authority on matters of significance for Defendant, ASR.

12. Defendant, ASR, was Plaintiff's joint employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein. ASR directly hired Plaintiffs, supervised Plaintiffs, implemented company payroll decisions, and maintained the right to hire and fire Plaintiffs and all similarly situated employees during all pertinent times hereto.

13. Defendant, CITRANGOLA, was Plaintiff's joint employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

Defendant, CITRANGOLA, supervised Plaintiffs, received complaints from Plaintiffs, and determined company payroll decisions and maintained the right to hire and fire Plaintiffs during all pertinent times hereto.

14. During all times pertinent hereto, Plaintiffs were dependent upon Defendants, ASR, and CITRANGOLA, for their employment, as these Defendants collectively supervised, directed, and controlled Plaintiffs' day-to-day responsibilities and duties, were responsible for paying Plaintiffs, and used Plaintiffs' work in furtherance of their business objectives.

## JURISDICTION AND VENUE

15. A substantial amount of the acts and omissions giving rise to this dispute took place within Gilchrist County, Florida which falls within the jurisdiction of this Honorable Court.

16. Jurisdiction is therefore proper within the Northern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

17. Venue is also proper within the Northern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

18. This Honorable Court has supplement jurisdiction over any state law claims pursuant to *28 U.S.C. § 1357*.

19. The Defendants are subject to the personal jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern

District of Florida. Moreover, Defendants collectively advertised job openings to Plaintiffs, and others similarly situated, in the Northern District of Florida and therefore purposely availed themselves of the opportunity to do business in the State of Florida.

20. Upon information and belief, at all material times hereto, Defendant, CITRANGOLA, directed the conduct and activity of employees residing within the jurisdiction of this Honorable Court, and is therefore subject to personal jurisdiction.

21. This Court is the appropriate venue based upon the following: a) the unlawful employment and payroll practices alleged herein occurred and/or were directed and/or were committed in the Northern District of Florida; b) Plaintiffs all reside within the Northern District of Florida; and c) Defendants were and continue to be companies and employers doing business within the Northern District of Florida.

## **GENERAL ALLEGATIONS**

22. Defendant, ASR, is a franchisee of residential and commercial restoration services. Defendant, ASR, advertises itself as a leader in the restoration industry and touts that its professionals are available "24 hours/7 days a week."

23. Defendant, ASR, owns and operates a Servepro franchise in New York, New York.

24. Defendants, ASR and CITRANGOLA, have recently identified business opportunities that focus in the clean-up of natural disasters throughout the United States, including the clean-up efforts following the aftermath of Hurricane Florence in Wilmington, North Carolina, in the months of September and October 2018.

25. Defendants, ASR and CITRANGOLA, directly advertise and recruit individuals from hurricane-ravaged areas (such as Florida) to perform clean-up services as ASR employees.

26. Defendants hire individuals to perform these duties, but Defendants maintain direct control over the performance of these duties and responsibilities and require these employees to wear Servepro clothing while they are working.

27. The economic realities of the relationship between Defendants and these Plaintiffs render these Plaintiffs as employees as opposed to independent contractors.

28. However, Defendants improperly classify and designate these employees as "independent contractors" to avoid having to pay these employees overtime compensation and to further avoid having to submit payroll taxes ordinarily required for employees.

29. Upon information and belief, at all times material hereto, Defendants employed dozens, if not hundreds of employees, all of whom were subject to the day-to-day direction and supervision of Defendants, ASR, and CITRANGOLA.

## FLSA COVERAGE

30. During all times material hereto, Defendant, ASR, was covered under the FLSA through enterprise coverage, as ASR was engaged in interstate commerce during all time periods in which Plaintiffs were employed. More specifically, during all times material hereto, ASR employed at least two (2) or more employees who regularly handled goods and/or materials on a constant and/or continuous basis that traveled across state lines, including, but not limited to the following: cellular telephones, notepads, cleaning supplies, tools and equipment, paper, office supplies, pens, and other office materials.

31. From on or about September 19, 2018, through the end of Plaintiffs' employment on or about October 10, 2018, Plaintiffs, M. WILSON, W. WILSON, and A. PERRY, were each hired by Defendants in Gilchrist County, Florida, and worked for Defendants in Wilmington, North Carolina. During this time period, Plaintiffs were required to communicate with Defendants and clients on a regular and recurrent basis across state lines in order to perform the day-to-day requirements of their job.

7

32. Upon information and belief, Defendant, ASR, grossed or did business in excess of $500,000.00 during the years of 2015, 2016, 2017, and on information and belief, are each expected to gross in excess of $500,000.00 in 2018.

33. On further information and belief, Defendant, ASR, grossed in excess of $125,000.00 during the first quarter of 2018 and are expected to gross in excess of $125,000.00 during the second quarter of 2018 and are excepted to gross in excess of $125,000.00 during the third quarter of 2018.

## PLAINTIFFS' WORK FOR DEFENDANTS

34. Defendants directly advertised job openings for their companies in the Northern District of Florida, and recruited Plaintiffs, M. WILSON, W. WILSON, and A. PERRY - all of whom reside in the Northern District of Florida.

35. Plaintiffs, M. WILSON, W. WILSON, and A. PERRY, were all hired by Defendants to perform residential and commercial clean-up services and/or clerical work.

36. Each Plaintiff performed all of the work required by Defendants and were exemplary employees during all material times alleged herein.

37. On or about September 19, 2018, Plaintiffs began working for Defendants as non-exempt manual laborers, clean-up workers and/or non-exempt clerical

workers and continued their responsibilities through on or about October 10, 2018.

38. Defendants, CINTRANGOLA and ASR, agreed to employ Plaintiffs as non-exempt employees and agreed to pay Plaintiffs $17.00 per hour of work.

39. Beginning September 19, 2018, Plaintiffs began performing twelve (12) hours of work per day every day of the week for Defendants.

40. Defendants, however, required Plaintiffs to underreport the hours they were actually working.

41. This work, and these unlawful pay practices, continued until on or about October 10, 2018.

42. Defendants were expressly aware of the work performed by each Plaintiff, but nevertheless required Plaintiffs to underreport their hours, and Defendants have refused to pay any of these Plaintiffs **any** compensation for **any** hours of work at all, let alone overtime compensation at the federally mandated rate of time and one half for work exceeding forty (40) hours per week.

43. Plaintiffs' unpaid work for Defendants equates to substantial unpaid overtime at the federal statutorily required rate of time-and-one-half for all hours worked over forty (40) in any given workweek.

44. During all times pertinent hereto, Defendants failed to keep accurate time records of the hours actually worked by Plaintiffs.

45. As a result of Defendants' failure to comply with the FLSA, Plaintiffs have been required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees incurred for the litigation of these claims.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS –** *29 U.S.C. § 207*
**(As to All Plaintiffs Against All Defendants)**

46. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 45 as though set forth fully herein.

47. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

48. Defendants have engaged in a series of FLSA violations directed at these Plaintiffs during the course of the past three (3) years.

49. Each violation by itself constitutes a separate and independent violation of the FLSA.

50. During Plaintiff's employment, Defendants refused to pay Plaintiffs for work conducted.  The sum of Plaintiffs' work during any given workweek in which they worked on the weekend was greater than (40) hours per week.

51. Each Plaintiff was to receive a regular hourly rate of $17.00 per hour.

52. Accordingly, each Plaintiff is entitled to time-and-a-half overtime in the amount of $25.50 for each hour worked over forty (40) in any given workweek.

53. During their employment with Defendants, each Plaintiff worked 57.5 hours of overtime.

54. Plaintiff, M. WILSON, is entitled to $1,466.25 in unliquidated damages.

55. Plaintiff, W. WILSON, is entitled to $1,466.25 in unliquidated damages.

56. Plaintiff, A. PERRY, is entitled to $1,466.25 in unliquidated damages.

57. However, Defendants intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law. Plaintiffs are therefore each separately entitled to liquidated (double) damages each in the amount of an additional $1,466.25.

58. Defendants' efforts and policies were implemented, approved, enforced, and furthered by ASR and CITRANGOLA, the Corporate Officer, manager, and ultimate decision-maker of ASR, who maintained day-to-day control of the company, and who maintained day-to-day control over Plaintiffs, their wages, work schedules, pay, and employment status.

59. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount to be proved at trial including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)* and any such further damages as may be shown at the time of trial.

60. Plaintiffs are further entitled to recovery of reasonable attorney's fees and costs in pursuit of this action pursuant to *29 U.S.C. § 216(b)*.

WHEREFORE, Plaintiffs, MICHALINA WILSON, WILLIAM WILSON, JR., and ARIEL PERRY, respectfully request that this Honorable Court enter judgment in their favor and against Defendants, ALL SEASONS RESTORIATION, INC. d/b/a SERVEPRO OF MIDTOWN MANHATTAN, and ROBERT CITRANGOLA, individually, and award Plaintiffs: (a) unliquidated damages for overtime pay under the Fair Labor Standards Act to be paid by the Defendants, jointly and severally; (b) liquidated (double) damages for overtime pay under the Fair Labor Standards Act to be paid by the Defendants, jointly and severally; and (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA, and any and all such further relief as this Court may deem just and equitable under the circumstances.

### **COUNT II – BREACH OF CONTRACT**
**(As to All Plaintiffs Against All Defendants)**

61. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 45 as though set forth fully herein.

62. Plaintiffs, M. WILSON, W. WILSON, and A. PERRY, entered into a valid employment agreement with Defendants on or about September 19, 2018.

63. Through this valid employment agreement, Defendants hired Plaintiff to perform clean-up services and entered an agreement for each Plaintiff to be paid compensation in the amount of $17.00 per hour for the first forty (40) hours of work.

64. At all times material hereto, Plaintiffs complied with their obligations under this agreement and performed exemplary work for Defendants.

65. All conditions precedent, if any, have been met.

66. To date, Defendants have failed to compensate any of these Plaintiffs in any conceivable way.

67. Plaintiffs have repeatedly demanded payment from Defendants to no avail.

68. Defendants have failed to compensate each Plaintiff at the agreed-to regularly hourly rate of $17.00 per hour.

69. Each Plaintiff has accordingly suffered damages as a direct result of Defendants' breach of the employment agreement.

70. Defendants owe each Plaintiff compensation in the amount of $680.00 for the first forty (40) hours of work they performed during their employment, plus interest and costs.

WHEREFORE, Plaintiffs, MICHAELINA WILSON, WILLIAM WILSON, JR., and ARIEL PERRY, respectfully request that this Honorable Court enter judgment in their favor and against Defendants, ALL SEASONS RESTORATION INC. d/b/a SERVEPRO OF MIDTOWN MANHATTAN, and ROBERT CITRANGOLA, jointly and severally, and enter an order: (a) awarding damages in an amount to be proven at trial; (b) awarding reasonable attorney's fees and costs incurred in the

litigation of these claims, and entering any and all such further relief as may be deemed just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, MICHAELINA WILSON, WILLIAM WILSON, JR. and ARIEL PERRY, hereby request and demand a trial by jury on all appropriate claims.

Dated this 6th day of November, 2018.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Livia@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 6th of November, 2018.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: